1
2
3
4
5
6
7
8
9
10
11
12
13
14

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRY L. SLAUGHTER, | ) | No. C 12-3872 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| v. | ) | DEFENDANTS' MOTION TO |
| | ) | DISMISS |
| MATTHEW CATE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

15    Plaintiff, a California prisoner proceeding *pro se*, filed a civil rights complaint pursuant

16  to 42 U.S.C. § 1983 against prison officials.  Plaintiff claims that defendants violated his right to

17  due process by failing to keep accurate information in his prison file.  Defendants have moved to

18  dismiss the complaint for: being untimely; being barred by res judicata; being barred by the

19  *Rooker-Feldman* doctrine; and failing to state a claim.  Plaintiff has filed an opposition, and

20  defendants have filed a reply.  Plaintiff has also filed a sur-reply to defendants' reply.  For the

21  reasons that follow, defendants' motion to dismiss is GRANTED in part and DENIED in part.[1]

22                    **FACTUAL BACKGROUND**

23    On October 4, 2012, plaintiff appeared before the Institution's Classification Committee

24  ("ICC").  (Compl. at 8.)  According to plaintiff's prison file, during the commission of plaintiff's

25  crime, plaintiff had shot the victim at close range, in the back of the head, "execution style,"

26  which qualified plaintiff for an irregular placement determination, otherwise known as an

27

28    [1] Defendants' request for judicial notice is GRANTED.

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Slaughter872mtd.wpd

1    "administrative deterrent." (*Id.*)  *See* Cal. Code Regs., tit. 15 § 3375.2.  Plaintiff objected to the

2    description of the commission of the offense. (*Id.*)  Subsequently, plaintiff was transferred to a

3    higher security prison. (*Id.* at 8-9.)  Plaintiff also states that this, and other, false information,

4    which are contained in plaintiff's probation report, was used to deny plaintiff's parole. (*Id.* at 3.)

5        Plaintiff alleges that his prison file contains false information that is repeatedly being

6    relied upon to plaintiff's detriment. (Compl. at 3; Opp. at 9-10.)

7                                    **DISCUSSION**

8    I.    <u>MOTION TO DISMISS AS UNTIMELY</u>

9        Defendants first argue that plaintiff's complaint is untimely.  They proffer that this action

10   accrued on October 5, 2002, the date on which plaintiff submitted his initial administrative

11   grievance complaining about the false information, and that the statute of limitations expired

12   before plaintiff initiated this action. (Mot. at 7; Compl. Exh. at 65-66.)  Plaintiff's federal

13   complaint was filed on July 2012.  On the other hand, plaintiff argues that his complaint is timely

14   because he filed his last state habeas petition about this issue on January 11, 2012. (Opp. at 1-2.)

15   Plaintiff's complaint further alleges that he last asked the prison to correct his prison file on May

16   18, 2011.[2] (Compl. at 3.)

17       Section 1983 does not contain its own limitations period.  The appropriate period is that

18   of the forum state's statute of limitations for personal injury torts.  *See Wilson v. Garcia*, 471

19   U.S. 261, 276 (1985); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  In 2002, in

20   California, the general residual statute of limitations for personal injury actions was one-year.

21   *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *see also Silva v. Crain*, 169 F.3d

22   608, 610 (9th Cir. 1999) (limitations period for filing Section 1983 action in California was

23   governed by residual limitations period for personal injury actions in California, which was one

24   year); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which

25   became applicable on January 1, 2003, is two years).  Thus, without tolling, if plaintiff's cause of

26

27       [2]  This corresponds to the date upon which plaintiff's administrative grievance was
28   denied at the Director's level of review. (Defs.' Req. Jud. Not. at AGO 0059.)

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Slaughter872mtd.wpd

1    action accrued in 2002, plaintiff's federal complaint would be due in 2003.

2          A federal court must give effect to a state's tolling provisions.  *See Hardin v. Straub*, 490

3    U.S. 536, 543-44 (1989).  Although plaintiff is not entitled to statutory tolling because he only

4    requested injunctive and declaratory relief, *see* Cal. Civ. Proc. Code § 352.1(c), defendants

5    concede that plaintiff is entitled to equitable tolling while plaintiff was pursuing other legal

6    remedies.

7          Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations

8    statute when, possessing several legal remedies he, reasonably and in good faith, pursues one

9    designed to lessen the extent of his injuries or damage.'"  *Cervantes v. City of San Diego*, 5 F.3d

10   1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)).  Even

11   applying equitable tolling to this instant case, assuming the cause of action accrual date was in

12   2002, the underlying federal complaint was still filed too late.  Plaintiff stated that he filed his

13   first administrative grievance on October 5, 2002.  (Compl. at 2.)  Plaintiff filed a grievance at

14   each level of review until the Director's level of review issued its denial on February 4, 2003.

15   (*Id.*)  Thus, plaintiff's statute of limitations was tolled until February 4, 2003.  Thereafter,

16   plaintiff filed a state habeas petition in Superior Court on March 18, 2003, which was denied on

17   an unspecified date.  (Compl. at 7.)  Then, plaintiff filed a state habeas petition in the California

18   Court of Appeal on April 10, 2003, which was denied on May 27, 2003.[3]  The California

19   Supreme Court denied plaintiff's petition, filed on July 4, 2003, on March 30, 2004.[4]  Even

20   giving plaintiff tolling for the entire time he was seeking alternative relief both within the prison

21   system and the state courts, plaintiff's federal complaint would have been due one year from

22   March 30, 2004 – that is, March 31, 2005.  Thus, even with equitable tolling, plaintiff's July

23

24          [3]  *California Appellate Courts Case Information*, appellatecases.courtinfo.ca.gov,

25   http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=6&doc_id=282683&doc_no
     =H025807 (last visited November 6, 2013).

26

27          [4]  *California Appellate Courts Case Information*, appellatecases.courtinfo.ca.gov,

28   http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1849625&doc_n
     o=S117946 (last visited November 6, 2013).

1  2012 federal complaint is untimely.

2       However, the question of accrual depends on what exactly plaintiff's claim is.  Reading

3  plaintiff's complaint liberally, and reviewing plaintiff's exhibits, plaintiff is complaining that

4  prison officials have refused to correct false information in plaintiff's prison file on more than

5  one occasion, and that the false information is being used to plaintiff's detriment.  In 2002, the

6  false information was used to qualify plaintiff for an irregular placement determination.  In 2010,

7  the false information was considered during plaintiff's parole suitability hearing, which resulted

8  in a denial of parole.

9       It is federal law that determines when a cause of action accrues and the statute of

10 limitations begins to run in a Section 1983 action.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

11 Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of

12 the injury which is the basis of the action.  *See TwoRivers*, 174 F.3d at 991-92.  But accrual

13 ultimately depends on the substantive basis of the claim.  *See, e.g.*, *Wallace*, 549 U.S. at 388

14 (statute of limitations on a wrongful arrest/wrongful imprisonment claim begins to run when the

15 false imprisonment ends, when the plaintiff's confinement is no longer without legal process, but

16 rather becomes a confinement pursuant to legal process that is, for example, when he or she is

17 bound over by a magistrate or arraigned on charges); *Pouncil v. Tilton*, No. 10-16881, 704 F.3d

18 568, 581-83 (9th Cir. 2012) (claim that prison unlawfully denied prisoner conjugal visits with his

19 second wife in 2008 pursuant to a 1996 regulation was timely because it was an independent,

20 wrongful, and discrete act upon which his claim accrued, notwithstanding prisoner's 2002

21 administrative grievance complaining of a denial of conjugal visits with his first wife).

22      Here, while it is true that plaintiff's complaint discusses plaintiff's general attempts to

23 have his prison file corrected, liberally construed, the court reads plaintiff's due process claim to

24 include the more specific allegation that defendants refused to address his request to correct

25 plaintiff's prison file on several specific instances, including in 2010, when the false information

26 was used to deny plaintiff parole.  *See, e.g.*, *Pouncil*, 704 F.3d at 581-82 (liberally construing pro

27 se prisoner's complaint to allege a denial of a 2008 decision because it was unclear whether the

28

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Slaughter872mtd.wpd

1 prisoner was challenging a prison regulation or the 2008 decision).

2 In *Pouncil*, the Ninth Circuit recognized two different avenues to determine when a cause

3 of action accrues. *Id.* at 576-79; *compare Delaware State College v. Ricks*, 449 U.S. 250 (1980)

4 (concluding that a college professor's challenge to the termination of his tenure accrued when he

5 received a 1974 letter informing him of such termination at the end of the 1975 school year, and

6 not when the actual termination occurred in 1975), *and Knox v. Davis*, 260 F.3d 1009, 1014 (9th

7 Cir. 2001) (holding that an attorney's claim that her legal mail and visitation rights to prison

8 inmates accrued when she received a letter informing her of such on January 20, 1996, and not

9 when she continued to receive those denials up until she filed suit in 1997), *with National R.R.*

10 *Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (concluding that a plaintiff's claim against his

11 employer for unlawful employment practices alleged discrete discriminatory acts, each of which

12 started the clock for the statute of limitations), *and Cherosky v. Henderson*, 330 F3d. 1243 (9th

13 Cir. 2003) (applying *Morgan*, and concluding that employees' did not assert any discrete act that

14 would have fallen within the statute of limitations).

15 Here, plaintiff learned about the false information in his prison file in 2002. Although

16 plaintiff challenges the failure to correct the false information at that time, the court construes

17 plaintiff's claim as challenging subsequent failures to correct the false information, and then

18 relying upon it to create plaintiff's risk assessment report as well as to deny parole in 2010.

19 Thus, plaintiff has sufficiently alleged a "discrete act" which triggered the statute of limitations

20 clock to run anew on March 22, 2010 – the day plaintiff received his risk assessment report.

21 (Defs.' Req. Jud. Not. at AGO 0052.)

22 Using the 2010 discrete act, the applicable statute of limitations to plaintiff's claim for

23 this discrete act is two years. *See* Cal. Code Civ. Proc. § 335.1; *Colony Cove Props., LLC v. City*

24 *Of Carson*, 640 F.3d 948, 956 (9th Cir. 2011). Without tolling, plaintiff's federal complaint

25 would be due on March 23, 2012. Here, however, plaintiff is entitled to equitable tolling from

26 October 19, 2010 – the date plaintiff filed his first administrative grievance – to May 18, 2011 –

27 the date plaintiff's administrative grievance was denied at the Director's level of review.

28

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Slaughter872mtd.wpd

1  Equitable tolling gives plaintiff approximately seven additional months from March 23, 2012.

2  Plaintiff filed his federal complaint four months later, on July 24, 2012.  Thus, plaintiff's claim

3  that prison officials failed to correct his prison file in 2010, is timely.

4        Defendants' motion to dismiss this action as untimely is GRANTED to the extent

5  plaintiff alleges that prison officials failed to correct his prison file in 2002, and DENIED to the

6  extent plaintiff alleges that prison officials failed to correct his prison file in 2010.

7  II.    MOTION TO DISMISS UNDER RES JUDICATA

8        Defendants argue that plaintiff's claim is barred because plaintiff either expressly

9  litigated it in his state habeas action or because plaintiff could have raised it in his state habeas

10  petitions.

11        Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, federal courts must

12  give a state court judgment the same preclusive effect as the state court judgment would receive

13  by another court of that state.  *See* 28 U.S.C. § 1738; *Maldonado v. Harris*, 370 F.3d 945, 951

14  (9th Cir. 2004).  There is no exception to the rules of issue and claim preclusion for federal civil

15  rights actions under 42 U.S.C. § 1983.  *See Clark v. Yosemite Community College Dist.*, 785

16  F.2d 781, 788 n.9 (9th Cir. 1986).  The Supreme Court has made it clear that a § 1983 claim

17  brought in federal court is subject to principles of issue and claim preclusion by a prior state

18  court judgment.  *See Allen v. McCurry*, 449 U.S. 90, 97-98 (1980) (issue preclusive effect in

19  federal court of state proceedings is same as that accorded in state's own courts); *Silverton v.*

20  *Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("we hold that because of the nature of a

21  state habeas proceeding, a decision actually rendered should preclude an identical issue from

22  being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair

23  opportunity for the issue to be heard and determined under federal standards.").

24        To properly analyze this argument, the court must review plaintiff's state habeas actions.

25        A.    State habeas actions

26        On May 11, 2011, petitioner filed a petition for writ of habeas corpus in the Superior

27  Court of Solano County.  (Defs.' Req. Jud. Not. at Exh. A, AGO 0001-0037.)  In this petition,

28

1    petitioner claimed that his right to due process and equal protection were violated because prison

2    officials failed to ensure that the prison file information that was relied upon in plaintiff's

3    psychological evaluation, plaintiff's risk assessment report, and plaintiff's parole hearing was

4    accurate. (Defs.' Req. Jud. Not., Exh. A at AGO 0003-0004.)  On July 6, 2011, the Superior

5    Court denied plaintiff's request for relief to obtain a new comprehensive risk assessment because

6    it failed to state a claim. (*Id.*, Exh. B at AGO 0038.)  The Superior Court also denied plaintiff's

7    claim that plaintiff's prison file contained errors because plaintiff did not provide evidence that

8    he had properly exhausted administrative remedies as to that claim. (*Id.*)  Alternatively, the

9    Superior Court stated that even if plaintiff had exhausted his administrative remedies, plaintiff

10   failed to provide copies of available documentary evidence, and cited to *In re Duvall*, 9 Cal. 4th,

11   464, 475 (1995). (*Id.* at AGO 0039.)

12          On June 24, 2011, plaintiff filed another petition for writ of habeas corpus in the Superior

13   Court of Solano County. (*Id.*, Exh. C at AGO 0040-0066.)  In this petition, plaintiff claimed that

14   the trial court violated plaintiff's due process rights by considering the probation officer's report

15   at sentencing, and the Department of Corrections relied on the probation officer's report to make

16   decisions regarding incarceration and parole, even though it contained false information

17   regarding plaintiff. (*Id.* at AGO 0042, AGO 0067.)  Plaintiff requested the information in his

18   prison file be verified before prison officials would be permitted to continue relying upon it for

19   other matters. (*Id.* at AGO 0043.)  On August 22, 2011, the Superior Court recognized that

20   plaintiff had filed a previous petition regarding the same claim, and that plaintiff still had not

21   provided proper documentary evidence, citing to *In re Duvall*, 9 Cal. 4th 464, 474-64 (1995).

22   (*Id.* at AGO 0068.)

23          On January 11, 2012, plaintiff filed a petition for writ of habeas corpus in the California

24   Supreme Court. (Compl., Exh. at 13.)  In this petition, plaintiff claimed that his previous

25   Superior Court habeas petitions were denied in error, and reiterated that his probation officer's

26   report contained false information that repeatedly was relied upon by prison officials. (*Id.*, Exh.

27   at 14-21.)  On April 18, 2012, the California Supreme Court summarily denied plaintiff's

28

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Slaughter872mtd.wpd

1    petition, with a citation to *Duvall*, 9 Cal. 4th at 474.  (Defs.' Req. Jud. Not., Exh. E.)

2           B.    Issue Preclusion (Collateral Estoppel)

3           The doctrine of res judicata limits litigants' ability to relitigate matters.  *Montana v.*

4    *United States*, 440 U.S. 147, 153 (1979).  Specifically, issue preclusion forecloses "successive

5    litigation of an issue of fact or law actually litigated and resolved in a valid court determination

6    essential to the prior judgment, even if the issue recurs in the context of a different claim."

7    *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  In other words, collateral estoppel will bar the

8    relitigation of issues explicitly litigated and necessary to the judgment.  *See Hiser v. Franklin*, 94

9    F.3d 1287, 1292 (9th Cir. 1996).  The purpose of this doctrine is to protect against vexatious

10   litigants, to conserve judicial resources, and to minimize the possibility of inconsistent decisions.

11   *Montana*, 440 U.S. at 153-54.

12          In California, "[c]ollateral estoppel precludes relitigation of issues argued and decided in

13   prior proceedings."  *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990).  "California courts

14   will apply collateral estoppel only if certain threshold requirements are met, and then only if

15   application of preclusion furthers the public policies underlying the doctrine.  There are five

16   threshold requirements:

17          First, the issue sought to be precluded from relitigation must be identical to that decided
             in a former proceeding.  Second, this issue must have been actually litigated in the former
18          proceeding.  Third, it must have been necessarily decided in the former proceeding.
             Fourth, the decision in the former proceeding must be final and on the merits.  Finally,
19          the party against whom preclusion is sought must be the same as, or in privity with, the
             party to the former proceeding.

20
21   'The party asserting collateral estoppel bears the burden of establishing these requirements.'"  *In*

22   *re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (internal citation omitted).

23          In plaintiff's federal complaint, plaintiff's due process claim is that, in 2010, prison

24   officials refused to correct plaintiff's prison file and continued to rely upon the false information

25   to plaintiff's detriment.  It appears that plaintiff raised this identical claim to both the Superior

     Court and the California Supreme Court.
26
27          Defendants suggest that because plaintiff raised his due process claim in the state courts,

28   plaintiff's claim should be collaterally estopped.  However, both courts denied plaintiff's

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Slaughter872mtd.wpd

petitions with a citation to *In re Duvall*, 9 Cal. 4th 464, 474 (1995). *Duvall* specifies that a habeas application should "state fully and with particularity the facts on which relief is sought" and "include copies of reasonably available documentary evidence supporting the claim." *Id.* at 474-75.

The Ninth Circuit has concluded that a denial based on *Duvall* does not appear to be a final decision on the merits that is irremediable. *Cf. Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005) (analyzing whether a state petition was "properly filed" and concluding that citations to *Duvall* and *In re Swain*, 34 Cal.2d 300, 303-304 (1949), are more akin to a demurrer rather than a final ruling on the merits); *King v. Roe*, 340 F.3d 821. 823 (9th Cir. 2003) (per curiam) (recognizing that a citation to *Duvall* and *Swain* signify that "one must allege with sufficient particularity the facts warranting habeas relief and allow amendment to comply"), *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189 (2006); *see also Howard v. Campbell*, 305 Fed. Appx. 442, 445 (9th Cir. 2008) ("In California, a *Swain*/*Duvall* dismissal affords the petitioner the opportunity to refile an amended pleading that 'allege[s] with sufficient particularity the facts warranting habeas relief.' [Petitioner's] failure to do this renders his claim unexhausted." (citations omitted)).

Because defendants have not shown that plaintiff's due process claim to the state courts was final and on the merits, the due process claim is not barred by collateral estoppel.

C.     Claim Preclusion (Res Judicata)

Similarly, defendants argue that plaintiff is precluded by res judicata. Res judicata "'bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)). Under California law, claim preclusion applies when: (1) the party to be precluded was a party or in privity with a party to the previous adjudication; (2) the second lawsuit involves the same "cause of action" as the first; and (3) there was a final judgment on the merits in the first lawsuit. *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*,

1  568 F.3d 725, 734 (9th Cir. 2009).  As a result, a "plaintiff cannot avoid the bar of claim

2  preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by

3  pleading a new legal theory."  *Gonzales v. California Dept. of Corrs.*, 782 F. Supp. 2d 834, 838

4  (N.D. Cal. 2011).

5      In light of the court's above discussion of the state courts' citations to *Duvall*, defendants

6  have not satisfied their burden of demonstrating that the state courts issued a final judgment on

7  the merits that would bar plaintiff's claims in federal court.

8      Accordingly, defendants' motion to dismiss this action on res judicata grounds is

9  DENIED.

10 III.   Motion to Dismiss Based on *Heck v. Humphrey*

11     Defendants argue that plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477

12 (1994).  Specifically, defendants assert that plaintiff's suit, if successful, would necessarily imply

13 the invalidity of the denial of his parole, which is impermissible.

14     *Heck* stated that, in order to recover damages for an allegedly unconstitutional conviction

15 or imprisonment, or for other harm caused by actions whose unlawfulness would render a

16 conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or

17 sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

18 state tribunal authorized to make such determination, or called into question by a federal court's

19 issuance of a writ of habeas corpus.  *Heck*, 512 U.S. at 486-87.  A claim for damages bearing

20 that relationship to a conviction or sentence that has not been so invalidated is not cognizable

21 under Section 1983.  *Id.* at 487.  When a state prisoner seeks damages in a Section 1983 suit, the

22 district court must therefore consider whether a judgment in favor of the plaintiff would

23 necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

24 dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

25 invalidated.  *Id.* at 487.  But if the district court determines that the plaintiff's action, even if

26 successful, will not demonstrate the invalidity of any outstanding criminal judgment against the

27 plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit

28

1   such as abstaining in response to parallel state-court proceedings.  *Id.* at 487 & n.8 (citing

2   *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

3        *Wilkinson v. Dotson*, 544 U.S. 74 (2005), makes clear that, "a state prisoner's § 1983

4   action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target

5   of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) *if*

6   success in that action would necessarily demonstrate the invalidity of confinement or its

7   duration."  *Id.* at 81-82 (emphasis added).  In *Wilkinson*, the Supreme Court concluded that the

8   prisoners' challenges could proceed under Section 1983 because success on those challenges did

9   not automatically imply shorter sentences.  Rather, the best outcome for each prisoner would

10   result in a "new eligibility review, which will speed consideration of a new parole application,"

11   *id.* at 82, or, "a new parole hearing at which Ohio parole authorities may, in their discretion,

12   decline to shorten his prison term."  *Id.*  Thus, the Supreme Court established that when relief

13   sought in a Section 1983 claim only has a possible, as opposed to necessary, effect on the length

14   of a prisoner's custody, the *Heck* bar does not apply.

15        Similarly here, plaintiff's requests for relief do not include release from imprisonment.

16   Nor can he obtain such relief, if successful in his due process claim.  Although plaintiff's claim

17   is directed at one factor used in the Board's decision making process, success on his claim will

18   not guarantee a shorter confinement.  Defendants have not shown that plaintiff's success in this

19   action would "necessarily" or "likely" accelerate his release on parole.  *See Ramirez v. Galaza*,

20   334 F.3d 850, 858-59 (9th Cir. 2003).

21        Accordingly, defendants' motion to dismiss based on *Heck* is DENIED.

22   IV.   Motion to Dismiss Based on *Rooker-Feldman*

23        Defendants argue that plaintiff's complaint seeks to obtain federal review of his state

24   court judgments, which is barred by the doctrine known as *Rooker-Feldman*.  *See District of*

25   *Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust*

26   *Co.*, 263 U.S. 413, 416 (1923).  "The *Rooker-Feldman* doctrine forbids a losing party in state

27   court from filing suit in federal district court complaining of an injury caused by a state court

28

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Slaughter872mtd.wpd

1  judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of*

2  *Boise*, 709 F.3d 890, 897 (9th Cir. 2013), citing *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011).

3  In the Ninth Circuit, *Rooker-Feldman* applies when "a federal plaintiff asserts as a legal wrong

4  an allegedly erroneous decision by a state court, and seeks relief from a state court judgment

5  based on that decision." *Bell*, 709 F. 3d at 897, quoting *Noel v. Hall*, 341 F.3d 1148, 1158 (9th

6  Cir. 2003).  Importantly, "even if a plaintiff seeks relief from a state court judgment, such a suit

7  is a forbidden de facto appeal *only* if the plaintiff also alleges a legal error by the state court."

8  *Vasquez v. Rackauckas*, 2013 WL 5911703, at *7 (9th Cir. Nov. 5, 2013) (emphasis in original),

9  quoting *Bell*, 709 F.3d at 897.

10      Here, plaintiff is not attempting a forbidden de facto appeal.  Because plaintiff complains

11  of legal injuries caused by the defendants' actions, rather than by the state courts' judgments, his

12  claims are not barred by the *Rooker-Feldman* doctrine.

13      Defendants' motion to dismiss based on *Rooker-Feldman* is DENIED.

14  V.    Motion to Dismiss for Failing to State a Claim

15      Defendants argue that, to the extent that plaintiff is challenging the denial of his 2011

16  administrative grievance, he fails to state a claim.  There is no constitutional right to a prison

17  administrative appeal or grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.

18  2003).  Thus, to the extent plaintiff is attempting to challenge the denial of his 2011

19  administrative grievance, defendants' motion to dismiss this claim is GRANTED.

**CONCLUSION**

21      Defendants' motion to dismiss this action as untimely is GRANTED in part and DENIED

22  in part.  Specifically, defendants' motion to dismiss this action as untimely is GRANTED to the

23  extent plaintiff alleges that prison officials failed to correct his prison file in 2002, and DENIED

24  to the extent plaintiff alleges that prison officials failed to correct his prison file in 2010.

25  Defendants' motion to dismiss for failure to state a claim is GRANTED to the extent plaintiff is

26  attempting to challenge the denial of his 2011 administrative grievance.  The remainder of

27  defendants' motion to dismiss is DENIED.

28

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Slaughter872mtd.wpd

Defendants shall file a motion for summary judgment or other dispositive motion within **ninety days** of the filing date of this order, or file a notice to this court that such a motion is not warranted.

Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   __11/21/13__

_Lucy H. Koh_
_____
LUCY H. KOH
United States District Judge

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Slaughter872mtd.wpd